DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty of one count of felonious assault, in violation of R.C. 2903.11 (A)(1), a felony of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Raymond Gibson, sets forth the following single assignment of error:
 {¶ 3} "THE VERDICT WAS UNSUPPORTED BY AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. During the early morning hours of May 19, 2005, appellant was at his apartment in central Toledo. Appellant had spent the prior afternoon and evening participating in a barbecue at the home of a friend. At some point following the barbecue, appellant and several of his friends from the barbecue returned to appellant's apartment. The men had consumed some alcohol during the course of the barbecue. Upon returning to appellant's apartment, additional alcohol was acquired and consumed. Several female friends of appellant stopped by his apartment, and the three of them retired to appellant's bedroom.
 {¶ 5} Upon emerging from his bedroom after his female friends left the apartment, appellant became agitated. Appellant accused his two male friends of stealing his rent money. Both men adamantly denied taking appellant's rent money. He ordered both of them to strip naked as he apparently believed they had concealed the money on their person. One complied and one refused. No money was recovered. *Page 3 
 {¶ 6} Appellant attacked the man who refused to remove his clothing. Appellant struck him in the head with a vase and also cut him with a knife. The victim required stitches and emergency medical treatment at St. Vincent Mercy Medical Center. In the course of the attack, the victim fled appellant's apartment and was in the middle of the street outside appellant's apartment. Appellant pursued the victim into the street. An officer on patrol came upon the scene and investigated the incident.
 {¶ 7} On June 7, 2005, appellant was indicted on one count of felonious assault. Appellant retained counsel to represent him. On August 2, 2005, appellant's counsel filed a motion to withdraw. It was granted. On August 10, 2005, new counsel was appointed to represent appellant. On January 17, 2006, appointed counsel was granted leave to withdraw. Subsequently, third counsel was appointed to represent appellant.
 {¶ 8} On April 10, 2006, jury trial commenced. On April 11, 2006, the jury found appellant guilty. On April 24, 2006, appellant was sentenced to a five-year term of incarceration. Timely notice of appeal was filed.
 {¶ 9} In his sole assignment of error, appellant contends that the guilty verdict against him was against the manifest weight of the evidence. In support, appellant unilaterally asserts that the state failed to prove that appellant knowingly *Page 4 
caused the physical harm sustained by the victim. Appellant does not delineate with specificity, the purported evidentiary gaps or shortcomings. Appellant simply implies that the struggle between the two men was mutual.
 {¶ 10} Our function when reviewing a manifest weight of the evidence argument is to determine whether the greater amount of credible evidence supported the verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Under this appellate standard, this court sits as a "thirteenth juror" and reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether the trier of fact clearly lost its way so as to create a manifest miscarriage of justice. Id. Only if our review of the record of evidence convinces us that the factfinder clearly lost its way, will we reverse the conviction and remand for a new trial. Id.
 {¶ 11} We have carefully reviewed the record of evidence. The record establishes that the trier fact was furnished with testimony from the victim describing in detail the assault he sustained at the hands of the appellant. The record establishes these events through collaborating testimony of the investigating officer who happened upon the scene shortly after the assault occurred. The officer unequivocally testified that appellant conceded his assault upon the victim. Another investigating officer from the Toledo Police Department likewise testified *Page 5 
that appellant conceded that he ordered the men to strip naked and was upset because he believed they had stolen his rent money. While the record contains self-serving testimony of the appellant denying these admissions made to the officers and alleging that it was a "mutual combat" situation, the weight of the evidence supports the conclusion by a rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt. Appellant's single assignment of error is found not well-taken.
 {¶ 12} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1